# In the United States Court of Federal Claims

No. 21-1436C
(Filed: October 1, 2021)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JUDITH YIGAL, *et al.*, | \* |
| | \* |
| Plaintiffs, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiffs, proceeding pro se, raise several claims arising from a child custody dispute. Compl. (ECF 1). Defendant's motion to dismiss for lack of subject-matter jurisdiction is ripe for decision.[1] Because Plaintiffs seek relief based on sources of law that do not confer rights they can assert here, the Court does not have jurisdiction. Accordingly, the motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims against the federal government, most commonly claims for money as provided by the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for pro se litigants, it is not a forum for "federal claims" generally. Claims outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). The matters raised in Plaintiffs' complaint are not among the subjects this Court may address.[2]

---

[1] *See* Def.'s Mot. to Dismiss (ECF 10). On September 13, 2021, the Clerk's office received Plaintiffs' "Motion to Squash (the Defendant's) Motion to Dismiss." The document is deficient in that it fails to provide the certificate of service required by RCFC 5.3 and does not include the name of the judge as required by RCFC 5.5(g). Assuming it is meant to be a response to the motion to dismiss, it is untimely. Nonetheless, I have considered the document and it shall be **FILED** by my leave. To the extent it requests any relief beyond opposing the motion to dismiss, it is **DENIED**.

[2] "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than

First, this Court cannot hear claims against the parties Plaintiffs identify. Plaintiffs' claims involve alleged misconduct by Georgia state officials and private parties. The United States, however, is "the *only* proper defendant for any matter before this [C]ourt[.]" *See Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). "This [C]ourt does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees[.]" *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (citing *Sherwood*, 312 U.S. at 588; *Brown*, 105 F.3d at 624; and *Smith v. United States*, 99 Fed. Cl. 581, 583–84 (2011)). To the extent Plaintiffs challenge child custody decisions by Georgia state courts, this Court lacks jurisdiction over those theories too. *Burlison v. United States*, 75 Fed. Cl. 736, 741, *aff'd,* 227 F. App'x 905 (Fed. Cir. 2007).

Although Plaintiffs claim that some individuals they mention were in fact acting on behalf of the United States government — for example, that they breached an implied contract between Plaintiffs and the United States — Plaintiffs plead no facts to substantiate that allegation. Nothing in Plaintiffs' complaint suggests a contract with the United States. Nor do they allege that anyone with "actual authority to bind the government in contract" entered an implied contract with them. *See City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (quoting *Juda v. United States*, 6 Cl. Ct. 441, 452 (1984)). Likewise, even if any of the people Plaintiffs name were federal officers, Plaintiffs cannot sue them in this Court as individual defendants, including under the cause of action recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Embrey v. United States*, No. 19-740C, 2020 WL 7312184, at *4 (Fed. Cl. Dec. 11, 2020).

Second, even if Plaintiffs could sue the individuals they mention in this Court, the specific sources of law Plaintiffs cite do not create rights that they can enforce here. Plaintiffs' allegations of fraud, harassment, assault, unlawful detention, and similar offenses sound in tort — that is, wrongful acts (other than breach of contract) which result in harm. *See Tort, Black's Law Dictionary* (11th ed. 2019). This Court lacks jurisdiction over tort claims. *See, e.g.*, *Brown*, 105 F.3d at 623 (citing *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993)); *see also* 28 U.S.C. § 1491(a)(1) (granting this Court jurisdiction over certain matters "not sounding in tort"). The

---

those prepared by counsel … *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

same goes for civil claims arising under the Racketeer Influenced and Corrupt Organizations Act. *Stanwyck v. United States*, 127 Fed. Cl. 308, 313–15 (2016).

Claims in this Court generally must be based on a "money-mandating" law, *i.e.*, a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained[.]" *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)). The constitutional provisions mentioned in the complaint fail that test. Binding or persuasive precedent, in fact, forecloses interpreting them as money-mandating. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Brown*, 105 F.3d at 623 (Fourth Amendment); *Omran v. United States*, 629 F. App'x 1005, 1008 (Fed. Cir. 2015) (Sixth Amendment); *Alston-Bullock v. United States*, 122 Fed. Cl. 38, 44 (2015) (same); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment); *Amir v. United States*, No. 20-1045C, 2021 WL 2974482, at *4 (Fed. Cl. July 15, 2021) (citing *Fry v. United States*, 72 Fed. Cl. 500, 507–08 (2006), *reconsideration denied*, No. 20-1045C, 2021 WL 4203716 (Fed. Cl. Sept. 16, 2021)) (Ninth Amendment); *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004) (Tenth Amendment). The Universal Declaration of Human Rights is not money-mandating either. *Gimbernat v. United States*, 84 Fed. Cl. 350, 354 (2008).

Plaintiffs do mention claims for federal monetary benefits from the Social Security Administration and the Department of Veterans Affairs. Social Security claims must be brought in federal district court, not the Court of Federal Claims. *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (citing *Weinberger v. Salfi*, 422 U.S. 749, 756–67 (1975)). As for veterans' benefits, the Supreme Court has explained that a "comprehensive remedial scheme" can displace this Court's jurisdiction to hear claims for money. *See Horne v. Dep't of Agric.*, 569 U.S. 513, 527 (2013). Congress has created such a scheme — including opportunity for appeal to the Court of Appeals for Veterans Claims — for veterans' benefits. 38 U.S.C. §§ 7251–7299; *see also* 38 U.S.C. §§ 511, 7104. "That scheme displaces the Tucker Act to whatever extent the Tucker Act might otherwise have applied to [Plaintiffs'] claims to statutory benefits." *Prestidge v. United States*, 611 F. App'x 979, 982–83 (Fed. Cir. 2015). In the absence of a viable theory for monetary compensation, this Court may not grant other relief Plaintiffs request, such as correction of Department of Veterans Affairs records. *James v. Caldera*, 159 F.3d 573, 580–81 (Fed. Cir. 1998); 28 U.S.C. § 1491(a)(2) (authorizing this Court to grant non-monetary relief "as an incident of and collateral to" a money judgment).

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of

- 4 -

subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). Because Plaintiffs' claims have jurisdictional defects that could not be cured even with assistance of counsel, Plaintiffs' Motion for Court-Appointed Legal Counsel (ECF 9) is **DENIED**. Plaintiffs' Application to Proceed *In Forma Pauperis* (ECF 7) is **GRANTED**. The Court will reject future filings, such as motions under RCFC 59 or 60, that fail to comply with the Court's rules.

     The Clerk is directed to enter judgment accordingly.

     **IT IS SO ORDERED**.

s/ Stephen S. Schwartz  
STEPHEN S. SCHWARTZ  
Judge
